UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                          CR. NO. 05-80050
                                            HONORABLE PAUL D. BORMAN

D-4 MICHAEL ANTHONY JOHNSON,

       Defendant.
_____/

**ORDER DENYING MOTION TO
SUPPRESS EVIDENCE SEIZED ON JANUARY 4, 2005**

      Defendant, Michael Anthony Johnson, filed a Motion to Suppress Evidence – cocaine seized from his car on the evening of January 4, 2005. The Court heard evidence on August 31, 2005, and September 9, 2005. After the latter hearing, the Court ordered the parties to submit supplemental legal memoranda. Having reviewed the testimony, the exhibits, and the legal memoranda, the Court denies Defendant's Motion to Suppress the cocaine seized from his car on January 4, 2005.

      The Court concludes that Deputy Sheriff Wilson had a basis to carry out a traffic stop of Defendant for not wearing his seat belt. In <u>United States</u> v <u>Whren</u>, 517 U.S. 806 (1996), the Supreme Court held in a unanimous decision, that the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred. The opinion further explained that an officer's motive does not invalidate objectively justifiable behavior under the Fourth Amendment. Finally, the Court notes that the Supreme Court applied its holding on a traffic regulation stop.

In the instant case, the Court credits the testimony of Deputy Sheriff Henry Wilson, that he saw Defendant Johnson driving without his seat belt on Woodside Street where Defendant drove past Wilson's car in the evening hours. The Court also credits the testimony of Wilson that when he approached Johnson, in answer to Wilson's question - "Do you know why I stopped you?" - Johnson answered, "Because I wasn't wearing my seat belt" on January 4, 2005. The Court concludes that a car driving by would offer Wilson a view of whether the driver Johnson was wearing a seat belt. The Court does not credit the testimony of Defendant Johnson's girlfriend, Tammy Heard, that she saw Defendant putting on his seat belt when she was kissing him just before he left the Woodside address on the way toward Wilson's car.

The Court does not find evidence of illegality or unlawful pretext that would undermine the constitutionality of the stop, because a Drug Enforcement Agent had directed Deputy Wilson to stop Johnson's car. Nor does the Court find unreliable or unlawful, the fact that Deputy Wilson did not give Defendant Johnson a ticket at the scene, but instead wrote out the ticket a week later and mailed it to Johnson 20 days later. This conduct is explainable given the fact that upon the stop, Johnson admitted that there was a warrant outstanding for his arrest, and even more important, that the officers found a kilogram of cocaine in a lawful search of his car after his arrest. These two major law enforcement situations, subsequent to the seat belt violation stop, overshadow the ticket, and can explain a delay in dealing with the seat belt ticket.

The Court notes the testimony of defense investigator Gary Sumeracki who carried out tests at the location of Deputy Wilson when Defendant drove by. Although Sumeracki, a retired police officer, testified that he could not see the on-or-off seatbelt on a sample car or cars, that drove by,

2

the Court does not conclude that this means that Sheriff Wilson could not see the seat belt on Defendant's car on the evening in question, given the passing by of Defendant's car next to the sitting police car.

Finally, since the Court finds probable cause to stop the Defendant for the seat belt violation arising from the Woodside scenario, the Court need not deal with the other two separate issues raised by the Government and the Defendant relating to the stop: (1) whether Deputy Sheriff Wilson had probable cause to stop Defendant Johnson based on DEA surveillance and wiretaps, and (2) whether Deputy Sheriff Wilson had previously seen Defendant Johnson driving on Eight Mile Road without a seat belt thereby providing probable cause to stop Johnson for that situation.

Accordingly, for the aforementioned reasons, Defendant Michael Anthony Johnson's Motion to Suppress is denied.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 15, 2005.

s/Jonie Parker
Case Manager