UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff-Respondent

v.

MICHAEL ANTHONY JOHNSON,

        Defendant-Petitioner,
_____/

CIVIL ACTION NO. 07-11537
CRIMINAL NO. 05-80050

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE VIRGINIA M. MORGAN

**REPORT AND RECOMMENDATION**

**I. Introduction**

On April 3, 2007, petitioner, an inmate in the custody of the Federal Bureau of Prisons, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. By order dated April 5, 2007, the district court referred the matter to this court pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a Report and Recommendation. For the reasons set forth below, the court recommends that the petitioner's motion be **DENIED**.

**II. Background**

On January 20, 2006, petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), pursuant to the terms of a Rule 11 Plea Agreement. Prisoner was sentenced to a term of imprisonment of 70 months. The district court entered the final judgment of conviction and sentence on April 10, 2006.

Petitioner now seeks relief from his sentence pursuant to 28 U.S.C. § 2255. He claims that counsel was ineffective by failing to file a notice of appeal, that counsel was ineffective for not objecting to the role in the offense calculation contained in the Presentence Investigation Report, and that waiver of appeal was not knowingly, intelligently, nor voluntarily made.

### III. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255, provides, in pertinent part, the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion alleging a claim of constitutional error, the petitioner must demonstrate that an error of such magnitude occurred and that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To prevail in a § 2255 motion alleging a claim of non-constitutional error, the petitioner must establish that the error constitutes a "fundamental defect which inherently results in a 'complete miscarriage of justice', or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990)(*quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1968)).

**IV. Analysis**

    **A. Notice of Appeal.**

Petitioner claims that his counsel was ineffective in his assistance because he failed to file a notice of appeal. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the court stated:

> "In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) we held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance and announced a now familiar test: A defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. Today we hold that this test applies to claims, like respondent's, that counsel was constitutionally ineffective for failing to file a notice of appeal.

Petitioner argues that counsel's representation fell below the objective standard of reasonableness by disregarding specific instructions from the defendant to file a notice of appeal. Petitioner submitted an affidavit stating that he instructed trial counsel to appeal the case.

The record indicates that the defendant waived his right to appeal. A defendant in a criminal case may waive any right, even a constitutional right by means of plea agreement. *United States v. Fleming,* 239 F.3d 761, 763 (6th Cir. 2001). The petitioner entered into a Rule 11 Plea Agreement with the government which contained an appeal waiver.[1] (Rule 11 Plea Agreement, #122) The defendant signed the Rule 11 Plea Agreement, which contains a

---

[1] "4. <u>Waiver of appeal rights.</u> If the court imposes a sentence that does not exceed the top of the range described in ¶ 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence."

paragraph[2] just above his signature, which states that he has read and understood the agreement. In addition to his written waiver, the defendant verbally indicated to the court that he understood that he was waiving his right to appeal in the plea proceedings. (Plea Tr., p. 10)

In this case, petitioner's affidavit stating that he instructed his counsel to file an appeal is belied by evidence in the record. Petitioner's counsel, Mr. Kraizman, submitted both an affidavit stating that petitioner agreed not to appeal[3] and also a contemporaneous letter to the petitioner which explicitly states "[as] per your direction, I will not file an appeal." (Government's Brief, Attachment 1). Under these circumstances, it is not disputable that petitioner had a right to file a notice of appeal, particularly where he waived such right in writing and in open court.

The government's argument to the contrary, the failure to file an appeal where petitioner has waived that right can constitute ineffective assistance of counsel. See, *Watson v. United States*, __ F.3d __, 2007 WL 2049697 (CA 8 (Mo))(limited waiver and claim of specific instructions to attorney mandate evidentiary hearing in district court). In that case, the district court found that failure to file an appeal may have prejudiced petitioner, consistent with holdings in the Second and Tenth Circuits, *Campusano v. United States*, 442 F.3d 770, 775 (2nd Cir. 2006) and *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005). Thus, it remanded for an evidentiary hearing in the district court. However, the instant case presents different facts

---

[2]"By signing this document, the defendant acknowledges that his has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with attorney's advice and representation."

[3]"The day after sentencing, [Mr. Kraizman] had a telephone conversation with the defendant...wherein [he] confirmed that the defendant agreed not to appeal his sentence because he had waived his right to appeal it and it would make no sense, under any circumstances, to file an appeal."

which distinguish it. Here, petitioner waived his right to appeal completely so long as he received a sentence not more than 78 months. He received a sentence of 70 months. In addition, the purpose of the evidentiary hearing has been fulfilled by the filing of the attorney affidavit and the contemporaneous letter to petitioner from the attorney indicating that consistent with petitioner's directives, no appeal would be filed; the written acceptance of the plea agreement; and petitioner's statements to the court at the time of the plea.

The court is not required to hold a full-blown evidentiary hearing where there is a thorough record against which the § 2255 claim can be measured. See, *Gonzales v. United States*, 2006 WL 3063400 (W.D. Mich), quoting *Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003). Petitioner's recent, self-serving declaration, albeit in affidavit form, cannot undo the facts clearly and unambiguously showing waiver.

Thus, petitioner fails to show that counsel's representation "fell below an objective standard of reasonableness," and has not shown that counsel's performance prejudiced him.

**B. Role in the Offense.**

Petitioner also claims that his counsel was ineffective for not objecting to petitioner's role in the offense calculation contained in the Presentence Investigation Report (PSI). This fails to raise any claim of prejudice. First, his role in the offense would be relevant only for application of the sentencing guidelines. Claims of misapplication of sentencing guidelines are not cognizable in a § 2255 motion unless "extraordinary circumstances" exist. *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

Counsel and the petitioner agreed prior to the sentencing hearing that they would not raise an objection to that calculation if the court found that the petitioner would only be held

accountable for two kilograms of cocaine. Mr. Kraizman provides details concerning the strategy discussed with the petitioner in his affidavit.[4] (Government's Brief, Attachment 1) The petitioner confirmed that he had reviewed the full report with his attorney and had no objections or corrections. (Sentencing Tr., 4) The court then indicated that it was using the two-kilogram figure. (Sentencing Tr., 5) The facts did not support a role in the offense reduction under USSG § 3B1.2, Mitigating Role. The petitioner was held accountable for only two kilograms of cocaine. As a distributor held accountable only for his own cocaine, he wasn't entitled to any reduction for his role in the offense. Because petitioner was being treated, for guideline purposes, as though he wasn't part of a larger organization, there was no relative conduct to adjust.[5]

### C. Knowing and Voluntary Waiver.

Petitioner claims that his waiver of his right to appeal was not knowingly, intelligently, nor voluntarily made. Petitioner further claims that, had his right to appeal been waived, the court reinstated the right when it informed him at sentencing that he may have a right to appeal. The record clearly shows that petitioner's waiver of his right to appeal was knowingly, intelligently, and voluntarily made. The record indicates that the petitioner understood the waiver contained in the plea agreement and consented to it voluntarily. In the plea colloquy, the

---

[4]"[The petitioner and I concluded] that if we could get the judge to only hold the defendant accountable for two kilograms of cocaine, we would stand pat and not ask the judge for a role reduction."

[5]It could be argued that this claim is procedurally barred. See *Oakes v. United States*, 400 F.3d 92 (1st Cir. 2005)(Selya, J.) However, because petitioner argues that the failure to appeal was itself ineffective and the claim here fails on the merits, it is recommended that this claim not be decided based on procedural default.

defendant verbally indicated that he understood his relinquishment of the right to appeal. (Plea Tr., 10) Petitioner's Rule 11 Plea Agreement contains a written waiver of appeal rights. (*See* footnote #1, *supra*, and Rule 11 Plea Agreement, #122) Petitioner signed the document immediately below the paragraph that indicates that he read and understood the entirety of the agreement. There are several pen and ink modifications in the Rule 11 Plea Agreement signed by Mr. Kraizman and the petitioner. (Rule 11 Plea Agreement 2, 4, #122) These modifications are further indications that petitioner was informed of the stipulations within the agreement, agreed to them, and actively involved himself in the process. The court made the specific finding that the plea was knowingly, freely, and voluntarily made. (Plea Tr., 14) Additionally, prior to taking the plea, the petitioner had a thorough conversation with the court covering the petitioner's understanding of the plea waiver. (Plea Tr., 10-12) The petitioner provides no evidence to support that his right to appeal was not waived knowingly, intelligently, or voluntarily.

Neither did the court reinstate the right to appeal when it informed petitioner of his rights.[6] Fed. R. Crim. P. 32(j)(1)(B) provides, "After sentencing, regardless of defendant's plea, the court must advise the defendant of any right to appeal the sentence." *United States v. Fleming,* 239 F.3d 761, 765 (6th Cir. 2001). The issue at hand is whether the court's concluding admonition regarding the right to appeal controls over the petitioner's prior waiver. The

---

[6]Sentencing Tr., 16
THE COURT: "You have the right to appeal from the sentence. You may have a right to appeal. You should check with your attorney if you wish to appeal, and any Notice of Appeal must be filed within ten days from today's date. You understand that, Mr. Johnson?"
THE PETITIONER: "Yes."

-7-

petitioner argues that the reading of Rule 32 evidenced the court's reversal or rejection of the waiver of appeal found in the Rule 11 Plea Agreement.

In *Fleming,* 239 F.3d 761, the Sixth Circuit noted:

> "[w]e do not need to determine whether the district court's recitation of Rule 32 advice here was erroneous, or merely superfluous. It is sufficient to say that any pronouncement from the bench that seeks unilaterally to amend a plea agreement exceeds the court's authority under the Criminal Rules and is without effect." *Id.* at 765.

The court then comments on the effect of superfluous advice of appeal rights:

> "[a] defendant who receives an extraneous notification suffers, at most, that dashing of a momentary sense of false hope. In assessing the gravity of this injury, we consider the fact that the same defendant, typically with the potential penalties under a plea agreement as compared to his prospects at trial, and knowingly and voluntarily pled guilty to a criminal offense. Any confusion in regard to appellate rights after sentencing is easily clarified by defense counsel." *Id.*

The court's statement regarding the right to appeal is consistent with the standard advice regarding notification of the right of appeal required by Rule 32. Nothing in the Rules remotely allows the district court to accept a guilty plea and then rewrite the plea agreement when the modified agreement is more favorable to the defendant. *United States v. Skidmore,* 998 F.2d 372, 375 (6th Cir. 1993). Additionally, the plain language of Rule 32 is clear in providing that notice of the right to appeal is required *"regardless of defendant's plea"* (emphasis added).

The court did not reinstate the right to appeal when it informed petitioner that he may have the right and this court finds that the petitioner does not have the right to appeal.

**IV. Conclusion**

For the reasons stated above, court recommends that petitioner's § 2255 motion to vacate sentence be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: November 27, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing report and recommendation was served upon counsel of record and Michael Anthony Johnson via the Court's ECF System and/or U. S. Mail on November 27, 2007.

                                            s/Jane Johnson
                                            Case Manager to
                                            Magistrate Judge Virginia M. Morgan