**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,                      CASE NO. 05-CR-80050

-vs-                                                PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE
                                                  VIRGINIA M. MORGAN
MICHAEL ANTHONY JOHNSON,           UNITED STATES MAGISTRATE JUDGE

       Defendant-Petitioner.
_____/

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is Magistrate Judge Virginia M. Morgan's November 27, 2007 Report and Recommendation in favor of denying Petitioner Michael Anthony Johnson's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 176). After requesting an extension to file Objections to the Report and Recommendation, Petitioner filed his Objections on February 7, 2008. The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.    BACKGROUND**

On April 10, 2006, this Court sentenced Petitioner to a sentence of 70 months for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846.

On April 3, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct his sentence pursuant to § 2255. Petitioner claimed his counsel was ineffective by failing to file a notice of appeal, and for failing to object to the role in the offense calculation contained in the Presentence

Investigation Report. Further, Petitioner claims that the waiver of appeal was not knowingly, intelligently, or voluntarily made.

Magistrate Judge Morgan found that the record indisputably showed Petitioner waived his right to appeal by entering into a Rule 11 Plea Agreement which included an express waiver of appeal. Petitioner signed the Rule 11 Plea Agreement which contained this provision and also verbally indicated to the Court that the understood that he was waiving his right to appeal. The Court also made a specific finding that the waiver was knowingly, freely, and voluntarily given. In light of these facts, and the lack of any contradictory evidence, other than Petitioner's self-serving affidavit, the Magistrate Judge found that Petitioner's claims of ineffective assistance of counsel based on failure to file a notice of appeal and that his waiver of appeal was not knowingly, voluntarily or intelligently given were without merit.

Magistrate Judge Morgan also held that a claim of misapplication of sentencing guidelines are not cognizable in a § 2255 motion unless extraordinary circumstances exist. In this case, the Magistrate Judge found that there was no prejudice where Petitioner was only held responsible for two kilograms of cocaine of his own and therefore the facts did not support an offense reduction under United States Sentencing Guidelines ("USSG"), § 3B1.2, Mitigating Role. Further, the Magistrate Judge noted that Petitioner confirmed during sentencing that he had reviewed the Presentence Investigation Report and had no objections or corrections.

## II. OBJECTION

Petitioner now objects to the Magistrate Judge's Report and Recommendation, by affidavit, arguing that his trial attorney, Sidney Kraizman's, affidavit is false and renews his argument that Mr. Kaizman rendered ineffective assistance of counsel for failing to object to Petitioner's role in

the offense calculation. Specifically, Petitioner argues that there was no evidence that he was "more than a mule"; and he "was never charged for the total amount [of cocaine] seized from what [he] was told";[1] and he never told Mr. Kraizman that he had purchased the drugs, was involved in more than one purchase, or was not just delivering the substance. (Pet. Br. ¶ 1-3).

After review, the Court finds no error in the Magistrate Judge's Report and Recommendation. To show an attorney has rendered ineffective assistance of counsel in violation of the Sixth Amendment, "a defendant must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000); *see Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)).

In the instant action, Petitioner has failed to show any prejudice. It is clear the facts of the case did not warrant a mitigating role in the offense adjustment when Petitioner was not held responsible for any cocaine seized from the larger operation. Further, although Petitioner was given a chance to make an objection or correction to the Sentencing report and failed to do so. (Hearing Trans. 4/10/06, at 4). Also, the facts of the case did not support an argument for a mitigating role in the offense adjustment, and it was reasonable for his attorney to abstain from making a frivolous argument not supported by the facts or law. "Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation." *White v. United States*, 69 Fed. App'x 222, 223 (6th Cir. Jun. 11, 2003) (unpublished) (citation omitted).

---

[1] Petitioner appears to be confused as to this issue, Mr. Kraizman's affidavit and the hearing transcript are consistent that Petitioner was never in danger of being held personally responsible as to all 60 kilograms of cocaine found on a co-defendant, however, there was a question of whether Petitioner would be held responsible for four or less kilograms of cocaine. (See Hearing Trans. 1/20/06, at 9); (Kraizman Aff. ¶ 2).

Therefore, Petitioner has failed to satisfy the *Strickland* two-prong test and his objection to the Magistrate Judge's finding is denied.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, a court must assess whether to grant the issuance of a certificate of appealability to Petitioner's claims. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (finding the § 2253 analysis may be done at the time a claim for relief is determined.) Pursuant to § 2253, and the Supreme Court decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), the certificate of appealability will issue if the resolution of the petition is debatable among reasonable jurists.

Upon review of this action, the Court concludes that reasonable jurists would not find Petitioner's claims debatable with respect to the substantive basis for denying relief as to any issue asserted. Therefore, a certificate of appealability is **DENIED** as to all issues.

## IV. CONCLUSION

Having reviewed that Report and Recommendation, the Court hereby;

(1) **ADOPTS** the Magistrate Judge's Report and Recommendation **DENYING** Petitioner's application for a Writ of Habeas Corpus; and

(2) **DENIES** a Certificate of Appealability as to all issues asserted.

**SO ORDERED.**

                                        s/Paul D. Borman                              
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: February 29, 2008

4

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 29, 2008.

                                              s/Denise Goodine
                                              Case Manager